SUMMARY ORDER
Jian Min Dong, though counsel, petitions for review of the BIA’s January 2005 decision denying a motion to reopen and reconsider its September 2004 order affirming the decision of an immigration judge (“IJ”) denying his applications for asylum, withholding of removal, and relief under *114 the Convention Against Torture (“CAT”). We assume the parties’ familiarity with the underlying facts and procedural history of the case.
This Court reviews the BIA’s denial of a motion to reopen or reconsider for abuse of discretion. See Kaur v. BIA, 413 F.3d 232, 233 (2d Cir.2005) (per curiam). A motion to reconsider must specify errors of fact or law and be supported by pertinent authority. 8 C.F.R. § 1003.2(b)(1). Dong did not identify any errors of law or fact that were not previously raised. His motion to reconsider argued that the IJ and BIA erred in denying his claims for relief because he testified credibly before the IJ. Because the BIA had already rejected these arguments, it did not abuse its discretion in denying the motion. Jin Ming Liu v. Gonzales, 439 F.3d 109, 111 (2d Cir.2006) (per curiam).
A motion to reopen “asks that the proceedings be reopened for new evidence and a new decision, usually after an evidentiary hearing.” Zhao v. DOJ, 265 F.3d 83, 90 (2d Cir.2001). According to 8 C.F.R. § 1003.2(a), the BIA has discretion to grant or deny motions to reopen or reconsider, subject to the restrictions contained therein. One such restriction with respect to a motion to reopen mandates that the new evidence must appear to the BIA to be material to the applicant’s claim. 8 C.F.R. § 1003.2(c)(1). Dong’s evidence in support of his motion to reopen challenges only two out of seven of the IJ’s adverse credibility factors. Because even a successful challenge to two of seven credibility factors would not likely materially change the outcome of the case, the BIA did not abuse its discretion in denying Dong’s motion to reopen. For the foregoing reasons, the petition for review is DENIED. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).